1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

COURTNEY JAMES STAHL,

                         Petitioner,

     v.

RON HAYNES,

                         Respondent.

Case No. C20-0486-TSZ-MAT

ORDER DENYING MOTION FOR
DISCOVERY

      Petitioner, a state prisoner, is proceeding *pro se* in this 28 U.S.C. § 2254 habeas action. Respondent's answer to Petitioner's habeas petition (Dkt. 9) was most recently re-noted for September 25, 2020, and Petitioner was directed to file his response by September 21, 2020. (Dkt. 16.) On August 28, 2020, Petitioner filed a motion for discovery, which was noted for September 18, 2020. (Dkt. 17; *see also* Dkt. 18 (Petitioner's Declaration in Support of Motion for Discovery).) On September 14, 2020, Respondent filed a timely opposition to Petitioner's motion. (Dkt. 19.) Also on September 14, 2020, Petitioner filed a letter requesting a copy of Respondent's answer, which he states he never received. (Dkt. 20.) Having considered the parties' submissions, the balance of the record, and the governing law, the Court finds and ORDERS:

      (1)    Petitioner's motion for discovery (Dkt. 17) is DENIED. Petitioner seeks discovery

ORDER DENYING MOTION FOR
DISCOVERY - 1

1   related to Claim 10 of his petition, which alleges in part that the State suppressed impeachment

2   evidence concerning a witness, in violation of *Brady v. Maryland*, 373 U.S. 83 (1963). (*See* Dkt.

3   4-2 at 13.) Petitioner argues that the witness had a criminal background under a different name

4   that the State should have disclosed prior to trial. (Dkt. 17 at 4-6.) "A habeas petitioner, unlike the

5   usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course."

6   *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). "Rather, discovery is available only in the discretion

7   of the court and for good cause shown." *Rich v. Calderon*, 187 F.3d 1064, 1067-68 (9th Cir. 1999)

8   (citing Rule 6(a) of the Rules Governing Section 2254 Cases). A party establishes good cause by

9   presenting "specific allegations" that "show reason to believe that the petitioner may, if the facts

10   are fully developed, be able to demonstrate that he is . . . entitled to relief . . . ." *Bracy*, 520 U.S. at

11   908-09 (quoted source omitted).

12      Petitioner has not met this standard here because he did not properly exhaust Claim 10.

13   Before bringing a federal habeas claim, a state prisoner must properly exhaust his state remedies

14   by "fairly presenting" his claim in each appropriate state court, including the state supreme court

15   with powers of discretionary review, thereby giving those courts the opportunity to act on his

16   claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004); *Duncan v. Henry*, 513 U.S. 364, 365-66 (1995).

17   Petitioner raised Claim 10 in his personal restraint petition (*see* Dkt. 10, Ex. 26), but he did not

18   include it in his motion for discretionary review by the Supreme Court (*see id.*, Ex. 30), which the

19   Supreme Court Commissioner denied (*id.*, Ex. 31). Although Petitioner raised Claim 10 in his

20   motion to modify the Commissioner's ruling (*see id.*, Ex. 32), judges in this District have

21   consistently concluded that raising a claim in a motion to modify is insufficient for proper

22   presentation. *See, e.g.*, *Densmore v. Glebe*, No. 15-572, 2016 WL 3636907, at *5 (W.D. Wash.

23   Mar. 29, 2016), *R & R adopted*, 2016 WL 3551827 (W.D. Wash. June 30, 2016); *Rise v. Glebe*,

1    No. 14-1218, 2015 WL 4877836, at *5 (W.D. Wash. June 9, 2015), *R & R adopted*, 2015 WL

2    4877848 (W.D. Wash. Aug. 14, 2015), *aff'd*, 679 Fed. Appx. 610 (9th Cir. 2017); *Tobey v. Uttecht*,

3    2013 WL 4401829, at *8 (W.D. Wash. Aug. 14, 2013), *aff'd*, 601 Fed. Appx. 498 (9th Cir. 2015);

4    *Elliott v. Vail*, No. 11-5377, 2012 WL 3155095, at *11 (W.D. Wash. Mar. 27, 2012), *R & R*

5    *adopted*, 2012 WL 3155071 (W.D. Wash. Aug. 2, 2012). Because Petitioner failed to property

6    present Claim 10 to the state court and it is too late for him to do so now, *see* RCW 10.73.090(1)

7    (time bar); *see also* RCW 10.73.140 (successive petition bar), he must show cause and prejudice

8    for his procedural default or a fundamental miscarriage of justice, *see Coleman v. Thompson*, 501

9    U.S. 722, 750 (2007). There is nothing in the record to indicate that any of these standards are

10   satisfied. Accordingly, as the Court cannot consider the merits of Claim 10, it would be futile to

11   grant Petitioner's motion for discovery.

12        (2)    Petitioner's request for a copy of Respondent's answer (Dkt. 20) is GRANTED.

13   The Clerk shall provide Petitioner with a copy of Respondent's answer (Dkt. 9), which he should

14   have received at the time it was filed in May 2020. Respondent served Petitioner with a copy of

15   the state court record (Dkts. 10, 10-1) in paper format, and therefore the Court assumes Petitioner

16   received these documents. If he did not, he should alert the Court as soon as possible.

17        (3)    Petitioner's response to Respondent's answer was due September 21, 2020. Given

18   that he never received a copy of the answer, this deadline must be extended. The Clerk is directed

19   to RE-NOTE Respondent's answer (Dkt. 9) for **October 30, 2020**. Petitioner may file his response

20   by **October 26, 2020**, and Respondent may file a reply by the noting date.

21   / / /

22   / / /

23   / / /

ORDER DENYING MOTION FOR
DISCOVERY - 3

1      (4)     The Clerk is directed to send copies of this order to the parties and to the Honorable

2   Thomas S. Zilly.

3      Dated this <u>21st</u> day of September, 2020.

Mary Alice Theiler
United States Magistrate Judge

ORDER DENYING MOTION FOR
DISCOVERY - 4