UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| CORTNEY JAMES STAHL,<br><br>              Petitioner,<br><br>  v.<br><br>RON HAYNES, Superintendent of the Stafford Creek Corrections Center,<br><br>              Respondent. | C20-486 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on the Report and Recommendation ("R&R") of the Honorable Mary Alice Theiler, United States Magistrate Judge, docket no. 26. Having reviewed the R&R and petitioner's objections, docket no. 42, the Court enters the following Order.

**Discussion**

**A.**     **Procedurally-Defaulted Grounds**

The R&R concludes that petitioner Courtney James Stahl failed to properly exhaust Grounds 1, 4, 10, 11, and 12 of his petition under 28 U.S.C. § 2254 for a writ of habeas corpus, docket no. 4, and that those procedurally-defaulted grounds are ineligible for federal habeas relief. After the R&R issued, petitioner unsuccessfully sought to stay

ORDER - 1

these proceedings to enable him to exhaust Grounds 1, 4, 10, 11, and 12. <u>See</u> Minute Order (docket no. 31) (indicating that any attempt to exhaust the time-barred grounds would be futile). Although the Court viewed petitioner's motion to stay as conceding that Grounds 1, 4, 10, 11, and 12 are procedurally defaulted, in his objections to the R&R, petitioner challenges the R&R's exhaustion analysis with respect to Grounds 10, 11, and 12, arguing that he "fairly presented" the claims to the Washington Supreme Court. <u>See</u> Objections at 47–51 (docket no. 42). Grounds 10, 11, and 12, however, which were first raised in a personal restraint petition ("PRP"), as opposed to on direct appeal, were not among the issues presented in petitioner's motion for discretionary review ("MFDR") of the denial of his PRP. <u>See</u> MFDR, Ex. 30 (docket no. 10-1 at 1075–95); <u>see also</u> PRP at i, Ex. 25 (docket no. 10-1 at 815) (summarizing PRP Grounds 6, 7, and 8, which correspond with habeas Grounds 10, 11, 12). The Court agrees with the R&R that including these grounds in a subsequent motion to modify the Supreme Court Commissioner's ruling denying petitioner's MFDR did not constitute fair presentation to the Washington Supreme Court. <u>See</u> R&R at 8 (docket no. 26) (citing <u>Densmore v. Glebe</u>, No. C15-572, 2016 WL 3636907, at *5 (W.D. Wash. Mar. 29, 2016)). Because Grounds 10, 11, and 12 are procedurally defaulted, the Court need not address petitioner's objections to the R&R regarding the merits of Grounds 10, 11, and 12. <u>See</u> Objections at 52–79 (docket no. 42).

B. **Merits of Exhausted Grounds**

The R&R further indicates that Grounds 2, 3, 5, 6, 7, 8, and 9 of the habeas petition should be denied on the merits. Petitioner does not appear to object to the

R&R's analysis concerning Grounds 2 and 3.  With respect to Grounds 5,[1] 6, 7, 8, and 9, the Court has carefully considered petitioner's objections, but agrees with the R&R that petitioner has not demonstrated that the state courts' rejection of these arguments was contrary to, or an unreasonable application of, clearly established federal law, or involved an unreasonable determination of the facts.  See 28 U.S.C. § 2254(d)(1).

**Conclusion**

For the foregoing reasons, the Court ORDERS:

(1) The Report and Recommendation, docket no. 26, is ADOPTED.  The petition for a writ of habeas corpus, docket no. 4, is DISMISSED with prejudice and without a certificate of appealability.

(2) The Clerk is DIRECTED to enter Judgment consistent with this Order, to send a copy of this Order and the Judgment to all counsel of record, to petitioner pro se, and to former Magistrate Judge Theiler, and to CLOSE this case.

IT IS SO ORDERED.

Dated this 25th day of January, 2022.

Thomas S. Zilly
United States District Judge

---

[1] In his second objection to the R&R, which involves Ground 5 (in which petitioner challenges the admission of certain out-of-court statements made by Alicia Nickerson), petitioner asserts that the prosecution failed to subpoena Nickerson to appear for trial.  See Objections at 6 (docket no. 42).  The record reflects, however, that Nickerson was homeless and that, despite attempts by Seattle Police Detective Scott Hatzenbuehler to make contact, Nickerson could not be located in advance of trial.  See Ex. 9, Tr. (Dec. 7, 2015) at 243–44 (docket no. 10-1 at 446–47).

ORDER - 3